Sandra J. MEANS, individually and as wife; Nevin Means, individually and as husband, Plaintiffs–Appellants,

v.

Frank S. LETCHER, MD, an individual, Defendant–Appellee.

No. 01–5210.

United States Court of Appeals, Tenth Circuit.

Oct. 9, 2002.

Emmanuel E. Edem, Henry A. Meyer, III, Michael A. Wilkinson, Norman, Edem, Meyer, Wallace, Norman, Cox & Moser, Oklahoma City, OK, Richard D. Marrs, Stauffer, Rainey, Gudgel & Harmon, Tulsa, OK, for Plaintiff-Appellant.

Michael P. Atkinson, James Newton Edmonds, Jon D. Starr, William Anthony Fiasco, Atkinson, Haskins, Nellis, Boudreaux, Holeman, Phipps & Brit, Scott Robert Hall, Thomas, Glass, Atkinson, Haskins, Nellis & Boudreaux, Tulsa, OK, for Defendant–Appellee.

Before KELLY and BALDOCK, Circuit Judges, and BRORBY, Senior Circuit Judge.

## ORDER AND JUDGMENT*

BRORBY, Senior Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R.App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

In this diversity medical malpractice action, plaintiffs Sandra Means and Nevin Means appeal from a jury verdict in favor

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

of defendant, Dr. Frank S. Letcher. Plaintiffs argue the district court abused its discretion in granting Dr. Letcher's motion for a new trial. They further contend the jury's verdict in the first trial finding Mr. Means was not entitled to any damage award was not supported by substantial evidence. We have diversity jurisdiction pursuant to 28 U.S.C. § 1332, and we affirm.

Ms. Means was examined by Dr. Letcher in December 1996 with symptoms of left facial weakness. Dr. Letcher concluded from his examination that her symptoms suggested a brain tumor, although he noted it was possible she had multiple sclerosis. Dr. Letcher performed a brain biopsy on Ms. Means to assist in his diagnosis, during which she suffered permanent injury due to complications. The biopsy did not demonstrate a tumor. In September 1997, Ms. Means was diagnosed with multiple sclerosis. She alleged in her complaint that Dr. Letcher was negligent in recommending a brain biopsy and in failing to inform her adequately of the risks associated with such a procedure. There is no allegation that the biopsy was negligently performed. Mr. Means asserted a claim against Dr. Letcher for loss of consortium.

The plaintiffs' claims were tried before a first jury, which found Dr. Letcher liable to Ms. Means for $500,000, but awarded nothing to Mr. Means. On defendant's motion, the district court ordered a new trial. It ruled that plaintiffs circumvented the disclosure requirements of Fed. R.Civ.P. 26(a)(2)(B) when their expert neurology witness, Dr. Barry Hendin, testified as to numerous opinions that were not contained in his written Rule 26(a)(2)(B) report. After the second trial, the jury found in favor of Dr. Letcher on all claims.

Under mandatory discovery Rule 26(a)(2)(B), a party who seeks to introduce an expert's opinion into evidence must provide a written disclosure report to the other party that "contain[s] a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; [and] any exhibits to be used as a summary of or support for the opinions...." *Id.* "The purpose of a detailed and complete expert report as contemplated by Rule 26(a) ... is, in part, to minimize the expense of deposing experts, and to shorten direct examination and prevent an ambush at trial." *Ortiz–Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de P.R.,* 248 F.3d 29, 35 (1st Cir.2001) (quotation and citation omitted). Possible sanctions for a violation of Rule 26(a)(2)(B)'s disclosure requirements include exclusion of the expert witness; the designation of facts as established; refusing to allow the disobedient party to support or oppose designated claims or defenses; striking out pleadings; or dismissing the action altogether. *See* Fed R. Civ. P. 37(c).

In this case, Dr. Hendin's Rule 26 report summarized Ms. Mean's medical records and then stated, in relevant part, that she had suffered permanent injury during the biopsy and that she "probably presented with acute lesions of multiple sclerosis in December 1996." Aple. Supp.App. Vol. I at 28. Dr. Hendin's report expressed no opinion about whether Dr. Letcher deviated from the requisite standard of care in any way. Indeed, it expressed no opinion as to Dr. Letcher's examination, diagnosis or treatment of Ms. Means. Nothing in the report suggested that Ms. Means' symptoms in December 1996 were more suggestive of multiple sclerosis than a brain tumor or that the appropriate treatment was medication or further observation, rather than a biopsy. Because the report expressed no standard of care opin-

ion, counsel for Dr. Letcher did not depose Dr. Hendin. Prior to trial, the district court granted Dr. Letcher's motion *in limine* excluding from trial any and all expert opinions offered by plaintiffs which were not set forth in the expert's Rule 26 report or deposition.

Despite his narrowly-drawn Rule 26 report, Dr. Hendin testified at trial, over repeated objections by counsel for Dr. Letcher, that, based on Ms. Means' symptoms, history and presentation, he would have concluded in December 1996 that it was more likely that she had multiple sclerosis than a brain tumor; that even if cancer or a tumor was a possible diagnosis, she could have been treated with a high-dose, broad spectrum antibiotic rather than a biopsy; and that he would have treated her by following up with further observation and a series of brain scans, as opposed to surgery. Although the district court overruled Dr. Letcher's objections to Dr. Hendin's testimony, at its conclusion, the court expressed concern that the implication of Dr. Hendin's testimony was that Dr. Letcher was guilty of substandard medical care by proceeding with the brain biopsy, an opinion not expressed or indicated in his Rule 26 report. Ultimately, the district court ordered a new trial, finding that Dr. Letcher was unfairly surprised and prejudiced by plaintiffs' failure to disclose Dr. Hendin's opinion testimony.

A new trial is appropriate where a claimed evidentiary error substantially, and adversely, affects the rights of a party. *Sanjuan v. IBP, Inc.*, 160 F.3d 1291, 1297 (10th Cir.1998). "[T]he trial judge has broad discretion in deciding whether to grant a new trial, and the court's ruling on such a motion will not be disturbed on appeal unless there is a gross abuse of discretion." *Capstick v. Allstate Ins. Co.*, 998 F.2d 810, 819 (10th Cir.1993) (quotation omitted). Such abuse will be found

"only where the trial court makes an arbitrary, capricious, whimsical, or manifestly unreasonable judgement." *Nalder v. W. Park Hosp.*, 254 F.3d 1168, 1174 (10th Cir.2001).

Plaintiffs put forth three reasons in support of their contention that the district court abused its discretion in granting a new trial. First, they contend Dr. Hendin's testimony was consistent with his Rule 26 report because he was merely explaining how he arrived at each of his conclusions. This contention is easily disposed of: Rule 26 expressly requires the report to include a complete statement of "the basis and reasons" for any opinion expressed, including "the data or other information considered by the witness in forming the opinions." Rule 26(a)(2)(B). Dr. Hendin's Rule 26 report did not provide any explanation for his conclusion that Ms. Means probably had multiple sclerosis in December 1996, yet he expressed numerous and detailed reasons for this opinion in his testimony. Despite the lack of a standard of care opinion in his Rule 26 report, Dr. Hendin's testimony suggested that Dr. Letcher's diagnosis and treatment was inappropriate. We conclude that Dr. Hendin's testimony went well beyond the opinions expressed in his written report and that there was an obvious violation of Rule 26.

Alternatively, plaintiffs contend that, if the expert testimony was improperly admitted, Dr. Letcher suffered no unfair surprise or prejudice because Dr. Hendin's testimony was cumulative of other witnesses. A trial judge has broad discretion in deciding whether a Rule 26(a) violation is substantially justified or harmless. *Mid–America Tablewares, Inc. v. Mogi Trading Co.*, 100 F.3d 1353, 1363 (7th Cir. 1996); *see also Polson v. Davis*, 895 F.2d 705, 711 (10th Cir.1990) ("The decision whether misconduct in a trial has been so

egregious as to require retrial is largely left to the discretion of the trial court."). The failure to disclose Dr. Hendin's opinions deprived Dr. Letcher of a fair opportunity to depose and cross-examine this expert and to secure rebuttal witnesses. The district court found that the testimony of other experts did not render the Rule 26(a)(2)(B) error harmless. The district court is in a much better position to assess the effect of the error than are we, and we find nothing in the limited record provided this court to convince us the district court abused its discretion here. *See id.* at 711 (noting that appellate review of trial misconduct "is constrained by our ability to review only the written record").

Finally, plaintiffs contend that, if Dr. Letcher was unfairly prejudiced, he failed to take steps to cure the prejudice. Dr. Letcher repeatedly objected to Dr. Hendin's testimony, but plaintiffs claim he should have attempted to cure the prejudice by moving to strike Dr. Hendin's testimony or seeking a continuance of the trial, citing *Hynes v. Energy W., Inc.*, 211 F.3d 1193, 1203 (10th Cir.2000) ("[W]hen a party requests a new trial on the basis of surprise testimony it must be able to show surprise, prejudice, and an attempt to cure the prejudice such as a motion for a continuance."). The record indicates that plaintiffs did not raise this alleged failure to cure argument before the district court. "If a party fails to raise an issue in the trial court, it is deemed waived on appeal unless plain error is demonstrated." *Hinds v. Gen. Motors Corp.*, 988 F.2d 1039, 1045 (10th Cir.1993). We cannot conclude the district court committed plain error. In summary, we conclude the district court's decision to grant Dr. Letcher's motion for a new trial was not an abuse of discretion.

In their remaining claim of error, plaintiffs contend the jury's verdict in the first trial denying Mr. Means' any award was not supported by substantial evidence. Given our holding that the grant of a new trial was not reversible error, this assertion of error is moot.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.